DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, which granted summary judgment in favor of appellee, Nationwide Mutual Ins. *Page 2 
Co. ("Nationwide") and denied summary judgment to appellants, Martha A. Burnham and Burnham Orchards Inc. For the reasons set forth below, this court reverses the summary judgment ruling in favor of Nationwide and renders summary judgment in favor of Martha A. Burnham and Burnham Orchards Inc. pursuant to App.R. 12 (B).
 {¶ 2} Appellants set forth the following two assignments of error:
 {¶ 3} "1. The trial court erred in granting Nationwide's motion for summary judgment.
 {¶ 4} "2. The trial court erred in denying defendants Martha A. Burnham and Burnham Orchards Inc.'s motion for summary judgment."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On February 14, 2004, a motor vehicle operated by Jose Luis Garcia Cano aka Eugenio Aguilar ("Cano") was involved in a motor vehicle accident with a vehicle operated by Tricia Oldham in Berlin Township, Erie County, Ohio. Cano failed to control his vehicle, crossed the center line, and struck Oldham's vehicle.
 {¶ 6} At the time of the accident, Cano had been employed by Burnham Orchards Inc. for approximately two years. The accident occurred after Cano clocked off duty from work. Burnham Orchards Inc. is owned by three shareholders; Joseph Burnham, Joseph Burnham IV, and Martha Burnham. Joseph Burnham IV managed the business and supervised all employees, including Cano.
 {¶ 7} A 1987 Chevrolet Suburban titled to Martha Burnham was used solely and exclusively in the course of conducting the family orchard and farm market business. In *Page 3 
his role as the supervisor of company employees, Joseph Burnham IV granted limited permission to all employees to utilize the Suburban during working hours for work related purposes.
 {¶ 8} On February 14, 2004, Cano worked a three-hour shift, which terminated at 11:30 a.m. Cano clocked off duty at 11:30 a.m. Approximately 45 minutes later, Cano was involved in the motor vehicle accident while driving the Suburban. This case involves a residual subrogation dispute stemming from that accident.
 {¶ 9} On January 10, 2005, Nationwide filed suit against Cano and Martha Burnham in an attempt to collect a subrogation claim. On April 7, 2005, the operator of the vehicle struck by Cano and the owners of the vehicle filed suit against Martha Burnham, Burnham Orchards Inc. and Cano for personal injury claims. On April 7, 2006, the court consolidated all pending suits.
 {¶ 10} On January 2, 2007, Nationwide was granted a default judgment on the subrogation claim against Cano in the amount of $15,738.51. On January 15, 2007, Nationwide filed for summary judgment against Martha Burnham. On January 31, 2007, Martha Burnham and Burnham Orchards Inc. also filed for summary judgment.
 {¶ 11} On February 15, 2007, the trial court issued a cursory summary judgment entry ruling granting Nationwide's motion for summary judgment and denying Martha Burnham and Burnham Orchards Inc.'s motion for summary judgment. The decision did not furnish any legal reasoning or legal basis of any kind in support of the Civ.R. 56 (C) adjudication. On March 2, 2007, appellants timely filed notice of appeal. *Page 4 
 {¶ 12} In their first assignment of error, appellants assert that the trial court erred in granting Nationwide's motion for summary judgment. Nationwide's motion for summary judgment was premised upon the legal theories that appellants were liable for the damages caused by Cano's motor vehicle accident under the doctrines of negligent entrustment and respondeat superior.
 {¶ 13} In reviewing the trial court's summary judgment determination, we are held to the same standard of law as that utilized by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. As such, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). This type of appellate review is done on a de novo basis, which necessitates the reviewing court to independently examine and consider the evidence to determine whether or not summary judgment was proper. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 14} Given the absence of any legal basis or rationale within the de minimis text of the disputed summary judgment ruling to serve as a starting point, we will compare the theories presented in Nationwide's motion with the record of evidence to determine whether Nationwide presented relevant and persuasive evidence in support of their Civ.R. 56 (C) motion. *Page 5 
 {¶ 15} Nationwide's summary judgment motion was argued on the basis of negligent entrustment and respondeat superior. We will first review the negligent entrustment portion of the case. In an action for liability against the owner of a motor vehicle for injury arising from its alleged negligent entrustment, a plaintiff must establish that the motor vehicle was driven with the permission and authority of the owner, the entrusted driver was an incompetent driver, and that the owner either knew or should have known that the driver was incompetent or unqualified to operate the vehicle. Community Mut. Ins. Co. v. Kaczmarski (May 1, 1998), 6th Dist. No. L-97-1220.
 {¶ 16} Applying these negligent entrustment evidentiary parameters to the record of evidence, we first note that the record reflects that Cano was neither on duty nor acting on behalf of Burnham Orchards Inc. at the time of the accident. In fact, Cano had clocked off duty 45 minutes prior to the collision. There is no evidence that Cano's travels at the time of the accident were in any way connected to his employment.
 {¶ 17} Conversely, supporting summary judgment affidavits were submitted by Martha Burnham and Joseph Burnham IV indicating that Cano was not acting in the course of his employment and his use of the vehicle was unauthorized. These affidavits plainly attested that Cano was not operating the Suburban with the permission or authority of Martha Burnham or Burnham Orchards Inc. at the time of the collision. The affidavits consistently reflect that Cano was not operating the Suburban in any connection to his employer. The record contains no evidence to satisfy the first element of negligent entrustment, permission. We decline to address the remaining two elements given *Page 6 
appellee's failure to meet the initial evidentiary prong under this theory, permission. Negligent entrustment was not established.
 {¶ 18} Interconnected with the negligent entrustment claim is appellee's assertion that Martha Burnham and/or Burnham Orchards, Inc. are liable for Cano's collision on the basis of respondeat superior. In support of liability under respondeat superior, Nationwide relies upon a misguided interpretation of Martha Burnham's interrogatory responses. Nationwide mistakenly asserts that Martha Burnham conceded that she and Cano had an employment relationship. On the contrary, our review of Burnham's interrogatory responses shows that she unambiguously indicated that Cano was employed by Burnham Orchards Inc. In addition, Joseph Burnham IV clearly stated in his affidavit that, as the supervisor, he granted the limited permission to utilize the Suburban to Cano and all other employees for work purposes and during working hours. Martha Burnham was not involved at all in that decision. There is no evidence of an employment relationship between Cano and Martha Burnham. The record shows that the employment relationship was between Cano and Burnham Orchards Inc. Regardless, the summary judgment affidavits and discovery responses establish that Cano was not acting or operating within the course and scope of that employment at the time of the collision. No evidence was submitted to refute that contention. Given these facts, there is no conceivable liability pursuant to respondeat superior.
 {¶ 19} The trial court stated no basis in support of granting summary judgment to Nationwide premised upon negligent entrustment or respondeat superior. The record *Page 7 
revealed no basis in support of granting summary judgment to Nationwide. On the contrary, the record shows that no competent evidence was submitted in opposition to the Burnham affidavits. We find appellants' first assignment of error well-taken. The summary judgment ruling in favor of Nationwide is reversed.
 {¶ 20} In appellants' second assignment of error, they contend that based upon the absence of any relevant evidence in opposition to their motions for summary judgment, this court should grant their summary judgment motions and enter summary judgment in their favor pursuant to App.R. 12 (B). Based upon our foregoing analysis reflecting no evidence of liability of Martha Burnham or Burnham Orchards Inc., appellants' second assignment of error is well-taken.
 {¶ 21} Wherefore, the summary judgment ruling by the Erie County Court of Common Pleas in favor of Nationwide is reversed. We hereby render summary judgment in favor of Martha Burnham and Burnham Orchards Inc. pursuant to App.R. 12(B).
 {¶ 22} Appellee Nationwide is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing at the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., Concur, JUDGE *Page 1